IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-10 |
| | ) | |
| CHRISTOPHER ALLEN CURRY, | ) | |
| MICHAEL VINCENT BOYD, and | ) | |
| JOVAN MENDIZABAL, | ) | |
| | ) | (JORDAN/GUYTON) |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on June 10, 2005, for a scheduled pretrial conference. Assistant United States Attorney W. Brownlow Marsh was present for the government. Attorney Wade Davies was present for Defendant Curry, and Assistant Federal Defender Jonathan A. Moffatt was present for Defendant Mendizabal. Both Curry and Mendizabal were also present. Defendant Boyd and his attorney, Richard Gaines, were excused from the hearing.

The government made an oral motion to continue the June 21, 2005 trial date due to pending motions, which would require additional time to resolve. Defendant Mendizabal joined in the motion. Both the government and Mendizabal's counsel agreed that a continuance was in the

1

interest of justice. Defendant Curry's attorney had no objection to the continuance, having noted earlier in the hearing that Defendant Curry was very close to entering into a plea agreement.

The Court finds that the parties' joint, oral motion to continue the June 21, 2005 trial date to be well taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court notes that Defendant Mendizabal has two suppression motions and a motion for a Kastigar hearing pending before the Court. See 18 U.S.C. § 3161(h)(1)(F). The Court heard testimony and argument with regard to these motions at the June 10 hearing. The Court will need time, not to exceed thirty days, to issue reports and recommendations on these motions. See 18 U.S.C. § 3161(h)(1)(J). Following the issuance of the Court's reports, the parties will need time to file any objections, and the District Court will need time to rule upon the reports in light of the objections. Finally, the parties will need time to prepare for trial in light of the rulings on these motions. The Court finds that all of this cannot take place before the June 21, 2005 trial date, or in less than two months, even taking into account counsels' exercise of due diligence. See 18 U.S.C. 3161(h)(8)(B)(iv).

With regard to Defendants Curry and Boyd, the Court observes that their counsel have informed the Court that they have either entered into a signed plea agreement[1] or are on the verge of doing so. Excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802

---

[1] Pursuant to a telephone call with chambers, Boyd's counsel informed the Court that Boyd had a signed plea agreement and was in the process of scheduling a hearing to change his plea. Accordingly, Boyd and his attorney were permitted to miss the June 10 hearing.

F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). The Court notes that neither Defendant Curry nor Defendant Boyd have moved to be severed from Defendant Mendizabal, and, thus, delay attributable to Mendizabal is presently excludable as to Curry and Boyd as long as it is reasonable. See 18 U.S.C. § 3161(h)(7). The Court finds that the two-month delay in the trial attributable to Defendant Mendizabal is reasonable given that he needs the additional time in order to pursue his suppression and Kastigar motions, that Defendant Curry does not oppose a continuance, and that both Curry and Boyd intend to enter guilty pleas. See 18 U.S.C. § 3161(h)(7).

Thus, the Court **GRANTS** the government's and Mendizabal's joint, oral motion for a continuance and resets the trial to **August 23, 2005**. The Court finds that the period of time between the **June 10, 2005** hearing and the new trial date of **August 23, 2005**, is fully excludable as provided by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(F),-(J), -(h)(7), and -(h)(8)(A)-(B). With regard to other scheduling in the case, the Court has set a pretrial conference for **August 18, 2005, at 9:00 a.m.**

Accordingly, it is **ORDERED:**

> 1. The government's and Mendizabal's joint, oral motion to continue the trial is **GRANTED**;
>
> 2. The trial is reset to commence at **9:00 a.m., on August 23, 2005,** before the Honorable Leon Jordan, United States District Judge;
>
> 3. All time between the **June 10, 2005** hearing and the **August 23, 2005** trial date is fully excludable time under the Speedy Trial Act as set forth above; and

3

Case 3:05-cr-00010  Document 42  Filed 06/13/05  Page 3 of 4  PageID #: 3

4. A pretrial conference is set for **August 18, 2005, at 9:00 a.m.**, before the undersigned.

**IT IS SO ORDERED.**

ENTER:


_s/ H. Bruce Guyton_
United States Magistrate Judge

4

Case 3:05-cr-00010   Document 42   Filed 06/13/05   Page 4 of 4   PageID #: 4