IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-10 |
| | ) | |
| JOVAN MENDIZABAL | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the objections of defendant Jovan Mendizabal to the magistrate judge's report and recommendation and sealed supplemental report and recommendation [doc. 53]. The magistrate judge recommended that the defendant's motion for a *Kastigar* hearing or to dismiss the indictment be denied. The government has responded relying upon its earlier pleadings [doc. 56], and the objections are ripe for the court's consideration. A transcript of the parties' oral argument on this issue has been prepared [doc. 57]. For the reasons discussed below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

In his motion for a *Kastigar* hearing or to dismiss the indictment, the defendant contends that he has reason to believe that information he provided in his proffer to the government on October 19, 2004, was used in the grand jury to indict him, in violation of the terms of a proffer agreement he entered into with the government. The basis for this belief is that he was originally charged in a criminal complaint with distribution of 500 grams of cocaine, but the indictment charges him with distribution of five kilograms of cocaine. He claims that this discrepancy shows that information he provided in his proffer was used to indict him on the greater amount of cocaine. He seeks a *Kastigar* hearing, disclosure of grand jury testimony, and/or dismissal of the indictment.

The government submits that the defendant was interviewed October 14, 2004, after his arrest. The investigation report of this statement shows that the defendant told Agent Mike Long that he bought cocaine, about one kilogram every one or two weeks since July 2004, from Curry and Boyd, co-defendants in this case. After Curry and Boyd were arrested, they provided information to law enforcement about their cocaine sales to the defendant. The government contends that only the defendant's pre-proffer statements and the information from Curry and Boyd was used in the grand jury to obtain the indictment in this case.

The defendant's objection is that the October 14, 2004 interview with Agent Long was not prepared until October 20, 2004, after he made his proffer. The defendant disputes the information related in the prepared statement and contends that the government has confused facts from his October 14 interview and his proffer. He argues that a hearing is necessary to explore whether his proffer information was improperly used.

The government has filed a copy of the grand jury proceedings, and this court has carefully reviewed the testimony. The court agrees with the magistrate judge that there is no evidence in the grand jury transcript that the government has breached the proffer agreement, with the exception discussed below. There is adequate support for the amount of cocaine charged in the indictment in the defendant's October 14, 2004 interview. The defendant's contention that the government has confused the information learned from the defendant pre-proffer with that learned from the proffer is mere speculation. As noted by the magistrate judge, the defendant should have been given all Agent Long's rough notes in the ordinary course of discovery, but the defendant does not claim that he was not given the rough notes. Thus, he is merely speculating when he suggests that Agent Long's investigation report is not accurate. In addition, derivative use information from Curry and Boyd would have supported the amount of cocaine. The court agrees with the magistrate judge that the

3

defendant's motion for a hearing, for disclosure of the grand jury proceedings, and/or for dismissal of the indictment should be denied.

The one exception is the question and answer disclosed in the sealed report and recommendation.  This court agrees with the magistrate judge that the information was not a material breach of the proffer agreement, but it may have come from the defendant's proffer and disclosure was necessary because it may be relevant at trial.

As discussed above, the court has carefully reviewed *de novo* the grand jury testimony as well as the parties' pleadings and oral argument, and **ADOPTS** the report and recommendation and the sealed supplemental report and recommendation in their entireties.  It is hereby **ORDERED** that the defendant's objections [doc. 53] are **OVERRULED**, and the defendant's motion for a hearing or to dismiss the indictment [doc. 33] is **DENIED**.

ENTER:

     *s/ Leon Jordan*
United States District Judge

4

Case 3:05-cr-00010   Document 59   Filed 08/17/05   Page 4 of 4   PageID #: 49